In re T.L. WELKER and Virginia Dale Welker d/b/a Hampton Terrace Apartments, D & G Maintenance, Welker Investments, Welker Properties, Inc., and Merle Norman Wynnewood Village, Debtors.

Bankruptcy No. 388–32377–SAF–7.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Feb. 16, 1994.

Carol Crabtree Donavan, Sherman & Yaquinto, P.C., Dallas, TX, for Robert Yaquinto, Jr., Chapter 7 Trustee.

Frank Z. Elmer, Kimberly K. Phelan, U.S. Dept. of Housing and Urban Development, Ft. Worth Regional Office, Region VI, Ft. Worth, TX, for U.S. Dept. of Housing and Urban Development.

Robert F. Ashley, Ashley & Welch, Dallas, TX, for Charles L. Daniel, secured creditor.

Robert Strauss, Strasburger & Price, Dallas, TX, for proposed purchaser.

### REVISED [1] ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

The Chapter 7 trustee of the T.L. Welker and Virginia Dale Welker bankruptcy estate has moved the court for authority to sell real property free and clear of all liens and encumbrances and for approval of a contract of sale. The United States Department of Housing and Urban Development objects to the trustee's request on the grounds that the sale will violate HUD's statutory and regulatory interests which arise under the regulatory agreement between HUD and the debtor, the National Housing Act, Emergency Low Income Housing Preservation Act of 1987 ("ELIHPA"), and Low–Income Housing

---

1. Revisions made pursuant to Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(a).

Preservation and Resident Homeownership Act of 1990 ("LIHPRHA").

The court must read the Bankruptcy Code and the housing acts harmoniously since Congress gave neither one priority over the other. *See, MCorp Financial, Inc. v. Board of Governors of the Federal Reserve System of the United States,* —— U.S. ——, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991); *In re National Gypsum Company,* 139 B.R. 397 (N.D.Tex.1992). Section 363 of the Bankruptcy Code provides for sales by the trustee free and clear of interests under certain conditions. 11 U.S.C. § 363(f). Section 363(f)(3) provides that if the interest is a lien, the trustee may sell the property free and clear of the lien if the price is greater than the value of all liens on the property. In this case, the trustee may sell free and clear of HUD's lien. However, the housing acts establish that the United States has other interests in the property. No subsection of § 363 applies to authorize the trustee to sell free and clear of those interests.

In return for mortgage insurance and low-cost financing, the regulatory agreement between HUD and the debtor binds the owner of the project to restrictions which maintain the low-income status of the project. *See also,* the subject deed of trust. The project owners of these low-income housing projects benefit from mortgages bearing below-market interest rates for forty years. 12 U.S.C. § 1715l(d)(3). In 1987 when many of these projects became eligible for prepayment, Congress enacted ELIHPA which established as a prerequisite to prepayment filing a notice of intent and plan of action with the Secretary of HUD. 12 U.S.C. § 1715l, Sec. 221. Congress made the ELIHPA limitations permanent by enacting LIHPRHA in 1990. 12 U.S.C. § 4108. In accord with this filing requirement, HUD has established guidelines through which HUD ensures that withdrawal of the project would not be unduly burdensome on the low- and moderate-income tenants of the geographic area. In other words, HUD must approve the buyer of the housing project or approve removal of the property from the low-income housing project. The Bankruptcy Code does not authorize the court to employ § 363 to supersede or preempt this Congressional requirement or the compelling public policy interests behind the housing acts. Accordingly, the trustee may only sell the property after compliance with the HUD procedure.

Because of the complex web of statutory and regulatory requirements, the court requests that HUD assist the trustee in following the procedure by referring the trustee to specific statutory sections and regulatory guidelines wherever relevant. The court further urges HUD to expedite the procedure wherever possible.

The trustee requests that HUD approval of the proposal proceed only according to a modified review and without application of any determinative criteria as established in the HUD handbook. The handbook established the modified review to apply only in certain circumstances, none of which applies here. The determinative criteria enunciated in the HUD handbook establish the factors considered by HUD in evaluating these proposals. HUD may modify any of its procedures to expedite the process. The court will not impose guidelines upon HUD and will not forbid HUD from utilizing its established criteria in evaluating this proposal.

Accordingly,

**IT IS ORDERED** that the motion to sell free and clear is **GRANTED** subject to HUD regulatory approval following the trustee's compliance with HUD procedure.